**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL NO. 12-48-DLB-CJS–04**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **REPORT AND RECOMMENDATION**

**KOBIE K. BAKER** **DEFENDANT**

* * * * * * * * * * 

On March 30, 2016, this matter came before the Court for a hearing on the U.S. Probation Office's Report that Defendant Kobie K. Baker had violated conditions of his supervised release. Defendant was present in Court and represented by J. Stephen Smith, and the Government was represented by Assistant U.S. Attorney (AUSA) Elaine Leonhard.[1] The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-12-cr-48-DLB-CJS-004-20160330-125651; the official record of this proceeding was certified by Linda Tierney, Deputy Clerk.

## I. Background

On February 22, 2013, the Defendant appeared in U.S. District Court in Covington, Kentucky, before the Honorable David L. Bunning, U.S. District Judge, and pled guilty to Interstate Transportation of Stolen Goods and Conspiracy to Money Launder (R. 132). On August 16, 2013,

---

[1] Assistant United States Attorney Leonhard stated she was appearing for Assistant United States Attorney Robert K. McBride.

the Court sentenced the Defendant to 15 months of imprisonment with a 3-year term of supervised release to follow. (R. 225). Defendant's period of supervision began on October 24, 2014.

The Defendant now stands before the Court charged with violating three conditions of his supervision: failing to make restitution payments as ordered by the Court, failing to work at a lawful occupation unless otherwise excused by his Probation Officer, and failing to follow Officer Leanne Vonderhaar's specific instructions to make follow-up contact with the Probation Office concerning his employment status. The March 15, 2016, Violation Report of Officer Vonderhaar sets forth the oversight and communication efforts of the Probation Office with Mr. Baker concerning his employment status; specifically, Defendant's failure to obtain gainful employment since December 1, 2015, and up through the date of Officer's Vonderhaar's Report; his failure to notify the Probation Office of his lack of employment until January 13, 2016, and his failure to follow through on the instructions of Officer Vonderhaar to provide weekly updates and other specifically directed contact with her about his employment efforts and status. The Report also summarizes Defendant's actual payment history for his court-ordered restitution and notes that for four months in 2015, Defendant incorrectly listed on his monthly report that his $50.00 restitution payment for that month had been paid when it had not.

On March 23, 2016, a summons was issued for Defendant to appear before the undersigned based on the Petition presented by his Probation Officer for the aforementioned charged violations of his supervised release. On March 30, 2016, Defendant appeared before the undersigned for an initial appearance on the alleged violations of supervised release. (R. 244). At that initial appearance, counsel informed the Court that, after conferring with the Probation Officer, the parties had reached an agreement for recommended disposition of the matter. Specifically, Defendant was

prepared to plead guilty to the violations set forth in the March 15, 2016, Violation Report, and the Government agreed to recommend a sentence of time served, with a new term of supervision to follow that would expire six months beyond the expiration date of his current term of supervision.

Before taking his plea, the undersigned explained to Defendant the statutory maximum term of incarceration and supervised release and explained the sentencing options available to the Court.[2] The undersigned also informed Defendant that while she would recommend the agreed sentence to the presiding District Judge, the District Judge was not obligated to impose the sentence recommended by the undersigned. Defendant acknowledged his understanding and proceeded to enter a plea of guilty to each of the violations of his supervised release as charged. Defendant was also informed of his right to allocute before District Judge Bunning, and a waiver of allocution has been executed. That waiver further includes Defendant's waiver of his right to appeal any sentence imposed by Judge Bunning to the extent the sentence is consistent with the recommendations herein.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the pending violation charges, has had ample opportunity to consult with counsel, understands that no promises have been made to him about any final sentence to be imposed in exchange for his plea of guilty to each of the charges, and that he enters his guilty plea knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to the allegations, the undersigned finds and will

---

[2]Here, because Defendant's underlying criminal offense was a Class C felony, the maximum term of incarceration upon revocation of his supervised release is 24 months. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline (U.S.S.G.) § 7B1.1 suggests a revocation range of imprisonment of 3 to 9 months, based upon Defendant's criminal history category of I and the violations as admitted by him being Grade C violations. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed is 36 months, less any term of imprisonment imposed upon revocation of his supervised release. *See* 18 U.S.C. § 3583(h).

recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged.

## II. Sentencing

Defendant having admitted to violating his supervised release, the question of sentencing is presented. The Court is mindful of the need to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). As previously noted, Defendant, his counsel, and the Assistant United States Attorney, after conferring with the Probation Officer, have reached an agreed recommendation of an appropriate punishment for Defendant's violation–that Defendant be sentenced to time served, with a new period of supervised release to follow that will expire in April 2018, approximately six months after his current term of supervision was scheduled to expire.

After review of the factual circumstances of the violations and Defendant's case history, the undersigned finds that the agreed-upon recommended sentence of time served with a new 24-month term of supervised release to follow from the date of entry of the judgment is sufficient but not greater than necessary to comply with the statutory purposes. Although the recommended sentence of time served is below the sentencing guideline range, the Court is satisfied that the sentence of no additional imprisonment is appropriate in light of the nature of Defendant's violations. At this proceeding, defense counsel stated that Mr. Baker has paid an additional $450.00 towards his restitution since receiving the summons. In addition, Defendant is now gainfully employed at ASA Logistics. Defendant also acknowledged he now understands the importance of complying with his communication obligations with the U.S. Probation Office. Defendant will be able to maintain lawful employment to support his family and make payments on his court-ordered restitution, with

this new term of supervised release that extends his supervision six months beyond his original expiration date serving as a sanction for his failure to comply with his required reporting during his current term of supervised release.

## III. Recommendation

Accordingly, **IT IS RECOMMENDED** that:

1. Defendant **KOBIE K. BAKER** be found to have **VIOLATED** the terms of his supervised release as set out in the March 15, 2016, Violation Report;

2. Defendant's supervised release be **REVOKED;** and,

3. Defendant be **SENTENCED** to time-served, with a new 24-month term of supervised release to follow from the date of entry of the judgment.

The Clerk of Court may forthwith submit the record in this matter to the presiding District Court Judge for consideration of this Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 4th day of April, 2016.




J:\DATA\S.R. violations R&R\12-48 Baker SR R&R.wpd